IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TYEISHA DRAKE and
SHELTON JOHNSON,

      Plaintiffs,

v.                                        No. 23-cv-02520-JTF-cgc

UNITED STATES OF AMERICA,

      Defendant.

## REPORT AND RECOMMENDATION

Before the Court, by way of Order of Reference (D.E. # 13), is the Motion to Dismiss filed by Defendant United States of America ("Defendant") on September 20, 2023. (D.E. # 10) Pursuant to Local Rule 12.1, the opposing party shall file a response within twenty-eight (28) days after service of the motion. Plaintiffs failed to file a response to the motion within the twenty-eight day period. On November 11, 2023, an order to show cause (D.E. # 14) was entered directing Plaintiffs to show cause prior to the close of business on November 21, 2023 as to why the Court should not grant Defendant's Motion to Dismiss. To date, no response to the Order to Show Cause has been filed. Plaintiffs were cautioned that a failure to respond would result in a recommendation of dismissal of the case for failure to prosecute. (D.E. # 14, PageID 111)

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed.R.Civ.P. 41(b). *Link v. Wabash R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Boudwin v. Graystone Insurance Co.,* 756 F.2d 399 (5th Cir.1985). The Sixth Circuit has held that dismissal for failure to prosecute is warranted where the Court affords a plaintiff a reasonable period of time to

comply with orders before the dismissal occurs, see *Harris v. Callwood*, 844 F.2d 1254 (6th Cir.1988); *Sepia Enterprises, Inc. v. City of Toledo*, 462 F.2d 1315 (6th Cir.1972) (per curiam).

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir.1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id.* It is recommended that the first factor is met as it is Plaintiffs fault for not prosecuting their case. There has been no activity by Plaintiffs since the complaint was removed to this court on August 21, 2023. (D.E. #1). The Defendant has been prejudiced in that it has taken steps to further the case despite Plaintiffs' inaction. Plaintiffs have ignored the motion to dismiss and the order to show cause. As to the third and fourth factors, it is recommended that they weigh heavily against the Plaintiffs. The Motions to Dismiss and Order to Show Cause made it clear that dismissal of the case was under consideration by the Court. Plaintiffs have ignored the Court's orders and have failed to meaningfully participate in the case. Dismissal is appropriate pursuant to the Court's inherent power to control its docket.

Accordingly, it is RECOMMENDED that the Plaintiffs' Complaint be involuntarily dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and the Court's inherent power and that the pending Motion to Dismiss be DENIED AS MOOT.

SIGNED this 6th day of February, 2024.

> s/Charmiane G. Claxton
> CHARMIANE G. CLAXTON
> UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**