IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TYESHA DRAKE and ) | |
| SHELTON JOHNSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-02520-JTF-cgc |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION TO DISMISS PLAINTIFFS'
COMPLAINT WITH PREJUDICE**

Before the Court is Plaintiffs Tyesha Drake and Shelton Johnson's *pro se* Complaint against Defendants Baptist Memorial Women's Hospital, Christ Community Health Services, Inc., Jonathan Verdell, M.D., and Samuel Edwards that was filed on April 19, 2023, in the Circuit Court of Tennessee. (ECF No. 1-4.) On August 21, 2023, the Defendants removed the case to the undersigned Court and moved to substitute the United States of America as the Defendant for the defendants in this action. (ECF No. 2 and ECF No. 3.) The Court granted the motion on September 15, 2023. (ECF No. 8.) [1] On September 20, 2023, the United States filed a Motion to Dismiss

---

[1] On September 18, 2023, the United States filed a Motion to Correct or Amend the Court's prior Order that granted its Motion for Substitution, noting that it did not move to replace Defendant Baptist Memorial Women's Hospital because that party had already been voluntarily dismissed by Plaintiff. (ECF No. 9.) That motion remains pending.

1

Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 10.)  To date, Plaintiffs have failed to file a response to the Defendant's motion to dismiss as required by Local Rule 12.1.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the motion to dismiss was referred to the United States Magistrate Judge for report and recommendation.  (ECF No. 13.)  On November 7, 2023, the Magistrate Judge issued an Order for Plaintiffs to show cause by the close of business on November 21, 2023, why the Court should not grant Defendant's Motion to Dismiss.  (ECF No. 14.)  The order provided notice that a failure to respond would result in a recommendation of dismissal of the case for failure to prosecute.  (*Id*.)  To date, Plaintiffs have not filed a response to the Order to Show Cause. On February 6, 2024, the Magistrate Judge entered a report, recommending that Plaintiffs' Complaint be involuntarily dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and the pending Motion to Dismiss denied as moot.  (ECF No. 20).  To date, no objections to the Magistrate Judge's report and recommendation have been filed pursuant to Fed. R. Civ. P. 72(b)(2).

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001).  Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions.  See 28 U.S.C. § 636(b)(1)(A).  Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x. 308, 310 (6th Cir. 2003).  Any party who disagrees with a magistrate judge's proposed findings and recommendation may file written objections to the report and recommendation.  Fed. R. Civ. P. 72(b)(2).  A failure to file specific objections to a Magistrate Judge's report does not meet the requirement of filing an objection at all.  *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir 1991);

*McCready v. Kamminga*, 113 Fed. App'x. 47, 49 (6th Cir. 2004). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The district court is not required to review, and indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

In this case, the Magistrate Judge considered the four factors in deciding if a case should be dismissed pursuant to Fed. R. Civ. P. 41(b) whether: (1) the party's failure is due to willfulness, bad faith, or fault; (2) the adversary was prejudiced by the dismissed party's conduct; (3) the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

In her report, the Magistrate Judge determined: (1) Plaintiffs have caused the matter to remain dormant; [2] (2) the Defendant has been prejudiced in taking steps to further the case without responses from Plaintiffs; and Plaintiffs have ignored the Court's orders, indicators favoring dismissal under both factors (3) and (4) for consideration. Therefore, the Court agrees with the Magistrate Judge's report and recommendation for dismissal with prejudice for Plaintiffs' failure to prosecute this case. Moreover, in the absence of any specific objection by Plaintiffs, the Court finds that the Report and Recommendation to dismiss this case for failure to prosecute should be adopted. *Brown*, 47 F. Supp. 3d at 674.

---

[2] However, the Rule 26(f) report does indicate that both *pro se* Plaintiffs, Tyeisha Drake and Shelton Johnson, and Melanie R. Dunlap, counsel for Defendant, participated in a planning conference by telephone on November 30th and December 1, 2023, in order to confer about proposed scheduling order deadlines. (ECF No. 15.) For various reasons, the scheduling conference was continued and the proposed dates were never addressed during a formal Scheduling Conference before the Court. (ECF Nos. 16-19.)

## **CONCLUSION**

Accordingly, the Court Adopts the Magistrate Judge's Report and Recommendation, ECF No. 20, and orders this case Dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). In addition, the Court finds that both the Defendant's Motion to Amend or Correct, ECF No. 9, and the Defendant's Motion to Dismiss, ECF No. 10, should be terminated as MOOT.

**IT IS SO ORDERED** this 23rd day of February 2024.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE
